## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE APPLICATION OF PAUL    )
MASS RISENHOOVER,            )
                                 )
          Petitioner.    )
                                 )        Case No: CIV-12-0540-D
                                 )

## ORDER

Before the Court is Petitioner Paul Mass Risenhoover's ["Risenhoover"] *ex parte* Application for Assistance to Foreign and International Tribunals and to Litigants Before Such Tribunals, filed pursuant to 28 U.S.C. § 1782 [Dkt. # 1].  Risenhoover, proceeding *pro se* and *in forma pauperis*, asks this Court for an Order directing certain named individuals to give testimony for use in an action now pending in the Taiwan Tainan District Court.  For the reasons set forth herein, the Application is DENIED.

## I.  Background

On May 11, 2012, Risenhoover filed this application for judicial assistance pursuant to 28 U.S.C. § 1782.  In his application, Risenhoover explains that he is "the Petitioner in a civil guardianship ad litem action" that was filed on March 20, 2012, "on the island of Formoso, before the Taiwan Tainan District Court . . . , and is now pending in that court."  Application at 1.  The action concerns the "protection of the rights of a disabled adult child . . . , and US civil rights crimes."  *Id*.  He further alleges that Don and Merrilee Hardy of Harrah, Oklahoma, and Terry and Nancy Risenhoover of Norman, Oklahoma, have knowledge of "facts material to the defense of the above-described action."  *Id*. at 2.

Risenhoover asks this Court to order "that the deposition of [the Hardys and the Risenhoovers] be taken" and to appoint "some suitable person of the court's choice to take the deposition," and to order that the Hardys and the Risenhoovers "preserve any and all evidence wherever located" and to make such evidence "available for copying . . . ." Application at 6.

## II. Standard of Review

Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 273 F.3d 79, 83 (2d. Cir. 2004). An *ex parte* application is an acceptable method for seeking discovery pursuant to section 1782. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

A district court is not required to grant the application, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. In exercising that discretion, the court should consider the following non-exhaustive factors: (1)

2

whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery request is "unduly intrusive or burdensome." *Id*. at 264-65.

## III. Analysis

### A. Basic Statutory Requirements

Risenhoover's application satisfies the minimum requirements of section 1782. First, all of Risenhoover's proposed subpoena recipients are located in either Harrah or Norman, Oklahoma. Because these cities are located in the Western District of Oklahoma, this Court has jurisdiction over the proposed recipients. 28 U.S.C. § 1782(a). Second, Risenhoover alleges that the discovery is for use in a family law proceeding now pending in the Taiwan Tainan District Court. Although Risenhoover does not append any formal documentation verifying the existence of the foreign proceeding, the information contained in his application appears to satisfy the *Intel* requirement that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id*. at 259. Third, Risenhoover alleges that he is a party to the Taiwan family court proceeding. As a litigant, Risenhoover is an "interested party" for the purposes of section 1782. *See Intel*, 542 U.S. at 256. Finally, the instant ex parte application is an accepted method of requesting discovery under section 1782. *See In*

3

*re Letters Rogatory*, 539 F.2d at 1219.

### B. Exercise of the Court's Discretion

In making a section 1782 request, the applicant has the burden to show that the subpoena should issue. *Intel*, 542 U.S. at 264-65. Risenhoover has failed, however, to persuade the Court to exercise its discretion to authorize the requested discovery. Risenhoover makes no showing concerning the first or second *Intel* factors, and the Court finds that the third and fourth factors weigh against granting the application.

### 1. Imposition of an Undue Burden

Risenhoover's discovery request is impermissibly vague and unduly broad. He alleges that "[i]t is necessary . . . to procure the testimony of Don and Merrilee Hardy . . . and of Terry and Nancy Risenhoover . . . for use in the [Taiwan Tainan District Court] action" because they "alone [sic] knows the full extent of their participation or facilitation in the direction of the alleged civil rights crimes. . . ." Application at 5-6. He requests an order directing that depositions be taken of Don and Merrilee Hardy and of Terry and Nancy Risenhoover; that the Court appoint someone to take the depositions; and that the Hardys and Risenhoovers be ordered to preserve any and all evidence related to their testimony. *Id*. at 6.

However, the Court finds that Risenhoover has offered essentially no factual information regarding the nature of the proceedings in Taiwan or concerning the identity of the proposed subpoena recipients so as to permit the Court to meaningfully ascertain the relationship between the two. It is unclear from Risenhoover's application *who* the proposed

subpoena recipients actually are, and what, if any, relation they have to the proceedings in Taiwan. Additionally, Risenhoover fails to articulate specifically what information the proposed subpoena recipients allegedly possess, what information he is requesting them to produce, or how the requested information is relevant to the family court proceedings in Taiwan. Risenhoover's application further fails to narrow its focus by including or attaching a list of questions – or even topics – regarding the proposed discovery. Therefore, the Court finds that Risenhoover's request is overly vague, and should be denied.

2. **Foreign Discovery Procedures**

Absent any evidence that the discovery process provided by the court system of Taiwan is inadequate to yield the desired information, or any evidence that Risenhoover's request is not merely an attempt to circumvent foreign proof-gathering restrictions, the Court finds no basis to authorize the issuance of the requested subpoenas.

## IV. Conclusion

For the foregoing reasons, Risenhoover's application is DENIED.

IT IS SO ORDERED this 14th day of November, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE